IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GOLDEN GATE NATIONAL SENIOR CARE, LLC, et al. | : : : | 1:16-cv-1791 |
| Petitioners, | : : | |
| v. | : : | Hon. John E. Jones III |
| COLLEEN A. NEWKAM, administratrix for the estate of CHARLES J. NEWKAM, | : : : : : | |
| Respondent. | : | |

## MEMORANDUM & ORDER

### January 12, 2017

Before the Court is Respondent Colleen Newkam's Motion for leave to conduct arbitration-related discovery. (Doc. 12). This Motion is submitted following the filing of Petitioners'[1] Petition for an Order compelling arbitration and staying improperly commenced state court proceedings, and granting declaratory relief. (Doc. 1). The Motion has been fully briefed (docs. 13, 14 and 15), and for the reasons discussed below, shall be granted in limited respects.

**I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY**

---

[1] Petitioners are Golden Gate National Senior Care, LLC; GGNSC Harrisburg, LP, d/b/a Golden LivingCenter – Blue Ridge Mountain; GGNSC Harrisburg GP, LLC; GGNSC Equity Holdings, LLC; GGNSC Holdings, LLC; GPH Harrisburg, LP; GGNSC Clinical Services, LLC; and GGNSC Administrative Services, LLC (collectively, the "Petitioners").

On August 13, 2014, Mr. Charles Newkam was admitted to Golden LivingCenter – Blue Ridge Mountain.  (Doc. 1, ¶¶ 12, 17).  Upon Mr. Newkam's admission, his daughter Ms. Colleen Newkam ("Respondent") signed an arbitration agreement (the "Arbitration Agreement").  (*Id*., ¶¶ 11, 18).  In large bold-font capital letters, the Arbitration Agreement in part provides:

> **THE PARTIES UNDERSTAND, ACKNOWLEDGE, AND AGREE THAT THEY ARE SELECTING A METHOD OF RESOLVING DISPUTES WITHOUT RESORTING TO LAWSUITS OR THE COURTS, AND THAT BY ENTERING INTO THIS AGREEMENT, THEY ARE GIVING UP THEIR CONSTITUTIONAL RIGHT TO HAVE THEIR DISPUTES DECIDED IN A COURT OF LAW BY A JUDGE OR JURY, THE OPPORTUNITY TO PRESENT THEIR CLAIMS AS A CLASS ACTION AND/OR TO APPEAL ANY DECISION OR AWARD OF DAMAGES RESULTING FROM THE ADR PROCESS EXCEPT AS PROVIDED HEREIN.**

(Doc. 1-3, p. 2).

On August 5, 2016, Respondent filed a Complaint with the Dauphin County Court of Common Pleas arising from dissatisfaction with Mr. Newkam's alleged care and treatment at Golden LivingCenter.  (Doc. 1, ¶¶ 26, 28).  Believing these claims to be encompassed by the Arbitration Agreement, on August 26, 2016, Petitioners filed a Petition in this Court.  (Doc. 1).  Therein, Petitioners request declaratory judgment that the Arbitration Agreement is enforceable, and seek an Order to compel arbitration and to enjoin the Respondent from further pursuing the state court action.  (*See generally*, doc. 1).

On November 16, 2016, Respondent filed the instant Motion for arbitration-related discovery. (Doc. 12). As noted, the Motion has been fully briefed and is thus ripe for review. (Docs. 13, 14 and 15). For the reasons that follow, the Motion shall be granted to allow limited arbitration-related discovery.

## II.   ANALYSIS

"[W]here the affirmative defense of arbitrability of claims is apparent on the face of a complaint (or . . . documents relied upon in the complaint), . . . the [Federal Arbitration Act] would favor resolving a motion to compel arbitration under a motion to dismiss standard without the inherent delay of discovery." *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 773-74 (3d Cir. 2013) (internal citations and quotations omitted). However,

> a Rule 12(b)(6) standard is inappropriate when either "the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity" to establish on its face that the parties agree to arbitrate, or the opposing party has come forth with reliable evidence that is more than a "naked assertion . . . that it did not intend to be bound" by the arbitration agreement, even though on the face of the pleadings it appears that it did." . . . Under either of those scenarios, a "restricted inquiry into factual issues" will be necessary to properly evaluate whether there was a meeting of the mints on the agreement to arbitrate, *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22, 103 S.Ct. 927 (1983), and the non-movant "must be given the opportunity to conduct limited discovery on the narrow issue concerning the validity" of the arbitration agreement. In such circumstances, Rule 56 furnishes the correct standard for ensuring that arbitration is awarded only if there is "an express, unequivocal agreement to that effect."

*Id*. at 774-75 (internal citations partially omitted).

3

In the instant case, Respondent argues that the Arbitration Agreement is an unconscionable contract of adhesion.  (*See generally*, doc. 15).  She seeks to elicit deposition testimony of fact witnesses, including Respondent herself and the admissions coordinator from the Golden Living Facility who presented and signed the Agreement on Petitioners' behalf.  (Doc. 15, p. 3; doc. 13, p. 4).  Respondent also "seeks to discover pertinent information regarding the JAMS forum and its Rules, which govern all arbitration procedures . . . ."  (Doc. 13, p. 4).[2]  Respondent argues that Petitioners have cultivated a close relationship with JAMS, their exclusive for-profit arbitration entity, after JAMS replaced Petitioners' previous for-profit alternative dispute resolution administrative entity, the National Arbitration Forum ("NAF").  (*Id*., pp. 5-6).  According to Respondent, the NAF was divested of its authority to conduct consumer arbitration after systemic favoritism towards its corporate clients was uncovered.  (*Id*.).  Specifically, Respondent requests emails and other correspondence between JAMS and Petitioners, in order to ascertain the nature of their relationship.  (*Id*., p. 7).  Respondent also requests information regarding the number of JAMS administered disputes, and the outcomes of those disputes.  (*Id*., pp. 7-8).

---

[2]  The Arbitration Agreement pertinent to this case specifies that "[t]he arbitration shall be administered by JAMS pursuant to its Streamlined Arbitration Rules and Procedures . . . ." (Doc. 1-3, p. 3).

"Where Resident initiates arbitration against Factility, the only fee required to be paid by Resident is $250, which is approximately equivalent to a court filing fee; all other fees and costs, including any remaining JAMS case management fees and professional fees for the arbitrator's services, shall be paid by Facility." (*Id*., p. 4).

4

In response, Petitioners first argue that Respondent has failed to submit reliable evidence that she did not intend to be bound by the Arbitration Agreement, thus necessitating resolution of the instant Motion under the motion to dismiss standard, without discovery. (Doc. 14, p. 2). Second, Petitioners argue that Respondent has failed to point to case law finding that the JAMS process or rules could render the Arbitration Agreement substantively unconscionable. (*Id*., pp. 5-6). Rather, Petitioners emphasize that prior case law has rejected Respondent's "specious suggestion that a group of former judges are somehow partial towards Petitioners." (*Id*., p. 5). We first consider whether the instant Motion should be resolved under the motion to dismiss standard or that afforded by Rule 56, before considering the parties allegations regarding JAMS separately.

### A.     Applicable Standard

The Middle District of Pennsylvania has addressed a number of cases dealing with scenarios remarkably comparable to that confronted here, the vast majority of which have been afforded review under the summary judgment standard.[3] In particular, our colleague Judge William W. Caldwell's holding in

---

[3] In *GGNSC Camp Hill West Shore, LP v. Thompson*, Civil Action No. 1:15-cv-445, 2016 WL 3418490 (M.D.Pa. June 22, 2016) (Connor, C.J.), Ms. Thompson sought to establish that she lacked the capacity to contract when she entered into an arbitration agreement. Limited discovery was allowed, and that case was adjudicated under the summary judgment standard. Similarly, in *Golden Gate Nat'l Seniorcare, LLC v. Lane*, Civil Action No. 3:CV-14-1957, 2015 WL 926432 (M.D.Pa. Mar. 4, 2015) (Caputo, J.), the court observed that the plaintiff's complaint, as filed in state court, neither referenced the agreement to arbitrate nor stated that the parties agreed to arbitrate. *Lane*, 2015 WL 926432, at *6.

*GGNSC Equity Holdings, LLC v. Breslin*, Civil No. 1:14-MC-00450, 2014 WL 5463856, at *7 (M.D.Pa. Oct. 27, 2014), is instructive. There, the court held:

> Petitioners' argument that the 12(b)(6) standard applies because Respondent has provided no evidence to support the assertion that Zeiders[4] never signed the agreement is premature. Under the 12(b)(6) standard, we look only at the face of the pleadings. Thus, at this stage, we cannot expect Respondent to produce record evidence. Last, Petitioners' argue the 12(b)(6) standard applies because Respondent did not make any allegations in her complaint placing the agreement in issue. Under the Third Circuit's holding in *Guidotti,* the plaintiff only has the burden to plead additional facts to place the agreement in issue if the complaint is clear the parties agreed to arbitrate. *Guidotti,* 716 F.3d at 776. Here, there is nothing in the complaint or attached documents that indicate the parties agreed to arbitrate, and Respondent thus need not plead additional facts. Accordingly, we find that the 12(b)(6) standard is not appropriate, and we find that Respondent is entitled to limited discovery.

*Breslin*, 2014 WL 5463856 at *7 (internal quotations and citations omitted).

Here, too, we cannot find that Respondent bears a burden of producing record evidence to support her assertion that there was no agreement to arbitrate

---

> "[T]he plaintiff only has the burden to plead additional facts to place the agreement in issue if the complaint is clear the parties agreed to arbitrate." As there is no suggestion in the complaint or the documents attached thereto that the parties agreed to arbitrate, Respondent need not come forward with such facts to avoid application of the Rule 12(b)(6) standard to review of the instant motion to compel.

*Id*. (internal citation omitted); *but see Golden Gate Nat. Senior Care, LLC v. Addison*, Civil No. 14-mc-0421, 2014 WL 4792386, at *3 (M.D.Pa. Sept. 24, 2014) (Rambo, J.) ("[T]he issue regarding whether Respondents' claims asserted in the state court action are subject to arbitration may be readily ascertained from the undisputed documents that both parties address in their moving papers. Respondents' claims that the agreement is unenforceable due to technicalities in the agreement's execution can be resolved simply by looking to the terms of the agreement and the manner in which it was executed. Accordingly, Respondents have not shown that discovery into this matter is necessary, and, therefore, the court will consider this motion under the Rule 12(b)(6) standard.").

[4] "Zeiders" refers to Martha M. Zeiders, the individual appointed as John Breslin's agent pursuant to an executed Durable Power of Attorney in effect when Mr. Breslin was admitted to the care facility operated by petitioners. *Breslin*, 2014 WL 5463856 at *1.

without the benefit of limited discovery to create such a record.[5]  Further, as in *Breslin*, here too Petitioners have not indicated that Respondent made any allegations in her Complaint (doc. 1-2) that would place the Arbitration Agreement in issue.  Rather, there is nothing in Respondent's complaint that would suggest the parties had an agreement to arbitrate, nor is there any reference to the Arbitration Agreement whatsoever.  Therefore, *Breslin* appears to indicate that Respondent is not required to plead additional facts to show that she did not intend to be bound by an agreement to arbitrate in order to obtain limited discovery.  *See also Lane*, 2015 WL 926432, at *6.

In *Golden Gate Nat. Sr. Care, LLC v. Sulpizio*, Civil No. 1:15-CV-00174, 2015 WL 48778348, at *3 (M.D.Pa. Aug. 14, 2015) (Kane, J.), our colleague Judge Yvette Kane determined that for purposes of a *Guidotti* analysis, the operative pleading is the Petition for Order Compelling Dispute Resolution and not Respondent's state court complaint.  *Sulpizio*, 2015 WL 48778348, at *3.  However, "the Third Circuit has instructed that pre-arbitration discovery may be necessary in other contexts [such as] . . . when there is an allegation that an arbitration agreement may be unconscionable."  *Id.* at *4 (citing *Guidotti*, 716 F.3d at 774 n.5).  "Indeed, any time the court must make a finding to determine

---

[5] As Judge Caldwell did in *Breslin*, we remind Respondent that her filings are subject to Rule 11 of the Federal Rules of Civil Procedure, which states that by filing a submission with the Court, a party is certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support. . . ."  FED. R. CIV. P. 11(b).

7

arbitrability, pre-arbitration discovery may be warranted." *Guidotti*, 716 F.3d at 774 (citing *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 112 (3d Cir. 2000)).

Here the parties have not raised the issue of whether the Petition for Order Compelling Dispute Resolution (doc. 1) or Respondent's state court complaint (doc. 1-2) should be considered for purposes of a *Guidotti* analysis. However, given the foregoing rationale of *Sulpizio*, and Respondent's allegations that the Arbitration Agreement at issue here is unconscionable, we find that Respondent is entitled to limited discovery on the facts surrounding the Arbitration Agreement, including the ability to take deposition testimony from the relevant fact witnesses as stated in her Briefs. (Doc. 15, p. 3; doc. 13, p. 4). After such discovery is completed, the Court shall consider a motion to compel arbitration on a Rule 56 standard. *See Addison*, 2014 WL 4792386, at *3 ("If a court elects to deny a motion to compel arbitration under Rule 12(b)(6) in order to allow discovery on the question of arbitrability, '[a]fter limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard.' *Guidotti*, 716 F.3d at 776.").

### B.  JAMS Discovery

The parties draw our attention to an Order issued by Judge Gerald Austin McHugh of the Eastern District of Pennsylvania in a matter which they consider to be comparable to Respondent's request for discovery related to the relationship

between JAMS and Petitioners. *Golden Gate Nat'l Senior Care, LLC v. Minich*, No. 14-mc-219 (E.D.Pa. Feb. 22, 2016); (Doc. 13-1).[6] While we lack the benefit of *Minich*'s complete case history, we nonetheless find the limited discovery instruction utilized therein to be appurtenant here. In that case, Judge McHugh denied respondent's discovery request,

> except that Respondent may request that Petitioners produce a copy of any agreements it has with their arbitration provider JAMS, and may request by interrogatory "macro" data about arbitrations conducted by JAMS under its contract with Petitioners, consisting of the number of arbitrations held and the number of awards in favor of the resident, as contrasted with the number of awards in favor of Petitioners . . . .

(Doc. 13-1, p. 38).

Here too we find such limited discovery to be appropriate. To allow a full inquiry into all of the communications between JAMS and Petitioners as Respondent requests is overbroad and would interfere with the spirit of efficiency as aptly articulated by Petitioners in their brief. (Doc. 14, pp. 1-2).

## III. CONCLUSION

Respondent's Motion for Leave to take discovery (doc. 12) shall be granted in the limited respects as articulated above.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

---

[6] *Minich* was resolved when the respondent's Motion to Dismiss was "summarily grant[ed]" in favor of parallel state court proceedings. *Thompson*, 2015 WL 1932330, at *4 (describing *Minich*'s resolution in a parenthetical).

1. Respondent's Motion for Leave to conduct discovery in relation to the Arbitration Agreement is **GRANTED** as set forth above.

2. Respondent's Motion for Leave to conduct discovery related to Petitioners' relationship with their for-profit arbitration entity, JAMS, is **GRANTED** in part and **DENIED** in part as set forth above.

3. The deadlines set forth in this Court's Scheduling Order (doc. 10) are hereby **VACATED**. The above-captioned case is hereby placed on the September 2017 trial list. All discovery is to be completed by March 31, 2017. All motions to dismiss or for summary judgment shall be accompanied by supporting briefs and shall be filed by May 1, 2017. The final pre-trial conference in this matter will be held in Harrisburg, Pennsylvania on August 1, 2017, at a time to be announced. Jury selection will be on September 5, 2017 at 9:30 a.m.

                                                    s/ John E. Jones III
                                                    John E. Jones III
                                                    United States District Judge